MacLafferty v. Payne.

Opinion delivered November 17, 1919.

REAL ESTATE BROKERS—COMMISSION—RIGHT OF OWNER TO RAISE PRICE.
—When the owner of property has listed the same for sale with a broker, he may raise the price demanded for the property at any time before the broker produces a purchaser, ready, willing and able to buy.

Appeal from Polk Circuit Court; *James S. Steel,* Judge; reversed.

*Prickett & Pipkin,* for appellant.

Upon the evidence defendant was entitled to a peremptory instruction to return a verdict for him. There is no evidence that appellee produced a purchaser, ready, willing and able to pay $3,500 cash. The court's instruction was error, and the verdict is contrary to the evidence, and the court should have directed a verdict for defendant.

*Norwood & Alley,* for appellee.

The agent did not find a purchaser, ready, able and willing to purchase on the terms offered, but only ready to buy with *bonds* instead of *cash.* 29 Cal. 393; 21 L. R. A. (N. S.) 329. Appellee was entitled to an instructed verdict under the evidence. The judgment is right.

HUMPHREYS, J. Appellee instituted suit against appellant before S. H. Smith, a justice of the peace in Center township, Polk County, Arkansas, to recover $175 as a commission for producing a purchaser for a business building in Mena, owned by appellant, which had been listed with him for sale at $3,500. The trial in the magistrate's court resulted in a judgment for appellee, from which an appeal was taken to the circuit court of said county. In the circuit court, the cause was submitted to a jury upon the evidence and instructions of the court, which resulted in a verdict and judgment for $175 in favor of appellee. From that judgment an appeal has been duly prosecuted to this court.

The evidence on behalf of appellee showed that appellant was the owner of a brick building in Mena, which he listed with appellee, a real estate agent, for sale at a net price of $3,500 in cash; that on the morning of October 2, 1918, appellee pointed out and priced the property at the listed price to a prospective purchaser by the name of Stevens; that Stevens showed an interest in the property and made an appointment to return in the afternoon; that at noon, as he went to dinner, appellee notified appellant that he had a prospective purchaser for the property at the listed price; that appellant raised the

price at that time to $4,000; that when the purchaser returned in the afternoon, he informed him that appellant had raised the price from thirty-five hundred to four thousand dollars; that appellee then introduced the prospective purchaser to appellant; that the purchaser offered appellant $3,500 in government bonds, which was refused, not because the offer was in bonds instead of cash, but because he had raised the price of the property from thirty-five hundred to four thousand dollars; that several counter-propositions passed between appellant and the purchaser, but the matter was postponed until a later date; that on the next day, in the presence of appellee, the purchaser offered to pay the commission and give appellant $3,500 in government bonds for the property, and that appellant accepted the offer; that appellee thereupon directed them to go to the bank and enter into a written agreement to that effect; that they went to the bank for that purpose, where they became involved in a dispute as to the terms of the deal and failed to consummate it.

Over the objection of appellant, the cause was sent to the jury upon the theory that appellant would be responsible for the commission if appellee produced a purchaser, ready and willing to pay appellant $3,500 net, in government bonds for said property, if appellant at the time expressed himself as being satisfied with bonds in lieu of cash. This was an erroneous theory upon which to submit the case, because appellant had a perfect right to raise the price at any time before appellee produced a purchaser ready and willing to take the property at the listed price. Appellee himself testified that, before any offer was made by the purchaser, appellant informed him that he had raised the price from thirty-five hundred to four thousand dollars. The only issue presented by the evidence for submission to the jury was whether or not the purchaser offered, and the appellant agreed, to accept $3,500, net, in government bonds for said property, after they were introduced to each other by appellee, and whether the deal failed through the fault of ap-

pellant. Appellee testified that appellant and the prospective purchaser entered into such an agreement in his presence, and that, through his advice, they went to the bank to have a written contract prepared to that effect. C. E. Nance, cashier of the Farmers & Merchants Bank, where the parties went to have the contract prepared, testified that the deal was not consummated on account of a dispute arising between the parties as to the price to be paid for the property. Appellant's responsibility for the commission would depend upon whether he or the purchaser was at fault in terminating the deal before consummation.

The cause was submitted to the jury upon a theory not warranted by the evidence, and, on account of the error indicated, the judgment is reversed and the cause remanded for a new trial.

Justice SMITH dissents.